SAUVE *v.* SAUVE.

DIVORCE—ALIMONY—MODIFICATION OF DECREE NOT WARRANTED.
  An order modifying a decree of divorce so as to relieve
    the husband from paying the wife the weekly alimony
    awarded to her was not warranted, where there was no
    substantial change in his earnings and no material change
    for the better in the wife's health, and the proof shows
    that he is purchasing real estate on which he is paying
    $150 a month.

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted April 20, 1928. (Docket No. 42, Calendar No. 33,581.) Decided June 4, 1928. Rehearing denied October 1, 1928.

Bill by Humphrey Sauve against Myrtle Sauve for a divorce: On petition of plaintiff for modification of the decree respecting alimony. From an order granting the petition, defendant appeals. Reversed, and order vacated.

*N. Calvin Bigelow,* for plaintiff.

*Alean B. Clutts,* for defendant.

POTTER, J.     Plaintiff, against whom a decree of divorce, on the ground of extreme cruelty, was rendered December 6, 1924, by which defendant was awarded $15 a week alimony, sought by petition filed October 8, 1926, to modify such decree and among other things reduce and limit the amount of weekly alimony. July 22, 1926, the trial court held the provision for alimony should be terminated "since it appears that as long as there are any relations, business or otherwise, existing between them there will be more or less friction." November 13, 1926, an order modifying the final decree

─────────────────────────────────────
On right of court to modify decree for alimony after final decree, see 1 R. C. L. 946; 1 R. C. L. Supp. 289; 5 R. C. L. Supp. 56; 6 R. C. L. Supp. 49.

of December 6, 1924, was made providing the payments of alimony from plaintiff to defendant should cease after January 1, 1927.        From that order defendant appeals.

The testimony upon which the decree of divorce was granted was not strong.        The decree was rendered after a settlement of the property matters involved. The trial court indicated he did not care who was to blame.        It appeared defendant was not in good health and the trial court fixed the decree for alimony at $15 a week in view of that condition, saying if conditions should change the order ought to be changed.        Both plaintiff and defendant claimed to be divine healers. Both charged for their services.        Before their divorce, they divided their property.        Since the divorce, plaintiff married one of his former patients.        In this proceeding he claims defendant criticized his personal conduct and interfered with his business after their divorce and as a result his earnings have been diminished.        She claims his earnings have not been impaired.        He overlooked, in testifying in the former proceedings, $4,000 in a safety deposit box in a bank, when he testified that he had no money in the bank. The proof shows he has been able to purchase, on contract, valuable real estate on which he is making payments of $150 a month.        There is no substantial change in his earnings according to the record.        There has been no material change in defendant's health since the decree of divorce.        A modification of the original decree is herein not justified on account of change in defendant's health, plaintiff's earning capacity, the amount of his property, or because of conflicting business relations.

The order modifying the final decree fixing alimony will be vacated and set aside, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.